NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE BERNARD HARRIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MIKE GARDNER, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 09-04037 JF (PR) <br><br> ORDER DISMISSING IN PART; OF SERVICE ON REMAINING CLAIM; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against officials of Pelican Bay State Prison ("PBSP"). Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) shall be granted in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

1  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
2  claim upon which relief may be granted or seek monetary relief from a defendant who is
3  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
4  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1988).

6       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements: (1) that a right secured by the Constitution or laws of the United States was
8  violated, and (2) that the alleged violation was committed by a person acting under the
9  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

10 **B.     Plaintiff's Claims**

11      Plaintiff's claims arises from PBSP officials' failure to provide him with an
12 opportunity to confer with his attorney with respect to a federal habeas corpus petition on
13 appeal with the Ninth Circuit Court of Appeals.  (Compl. 8.)  Plaintiff alleges that on June
14 11, 2008, Defendants would not afford him adequate privacy for a confidential telephone
15 call with his attorney to confer regarding a brief she was preparing .  (Id. at 8-10.)  PBSP
16 officials informed Plaintiff that his attorney would have to visit him in prison in order for
17 them to provide the level of privacy he desired.  (Id. at 11.)  Plaintiff's attorney was
18 unable to visit him at prison and submitted the brief without discussing the facts of the
19 case with Plaintiff.  (Id. at 12.)  The Ninth Circuit denied the petition.  (Id. at 13.)

20      Plaintiff's first claim is that Defendants violated his right under Article IV, Section
21 2 of the Constitution to "all privileges as a citizen of California" when they denied him
22 attorney/client privilege during the June 11, 2008 confidential phone call.  (Compl. 13.)
23 Article IV, Section 2 states: "The citizens of each state shall be entitled to all privileges
24 and immunities of citizens in the several states."  This section affords interstate protection
25 and prohibits a state from discriminating against citizens of other states in favor of its
26 own citizens.  Plaintiff's claim does involve interstate discrimination and fails to state a
27 claim for relief under this section.  Accordingly, this claim is DISMISSED.
28      As his second claim, Plaintiff states that Defendants violated his right to access to

1 courts. (Compl. 14.) Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). A prisoner's right of access to the courts includes contact visitation with his counsel. See Ching v. Lewis, 895 F.2d 608, 609-10 (9th Cir. 1990); see also Dreher v. Sielaff, 636 F.2d 1141, 1143 (7th Cir. 1980) (opportunity to communicate privately with attorney is important part of meaningful access to courts). Liberally construed, this claim is cognizable under § 1983.

Plaintiff's third claim states that Defendants violated his First Amendment right to freedom of speech when they denied him attorney/client privilege for a private phone call. (Compl. 14.) This claim is without merit as the facts alleged raise no concerns that Plaintiff's right to free speech was impinged by the denial of a private phone call. Accordingly, this claim is DISMISSED.

Claims 5 through 12, (Compl. 15-19), are based solely on state law and are not actionable under § 1983. The Court declines to assert supplemental jurisdiction over these claims which substantially dominate Plaintiff's complaint and are more suitable for state court. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). These claims are DISMISSED without prejudice to his filing them in state court.

**C.     "John Doe" Defendants**

Plaintiff names Defendants John Doe One and John Doe Two in his complaint. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Defendants John Doe One and John Doe Two are DISMISSED from this

1  action.  If through discovery Plaintiff is able to identify these unknown defendants, he
2  may then motion the Court for leave to amend to name the intended defendants and to
3  issue summons upon them.  See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the
4  Interior, 896 F.2d 422, 423-24 (9th Cir. 1990).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants John Doe One and John Doe Two are DISMISSED from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Correctional Office Mike Gardner, Sergeant D. O'Donnell, Lieutenant Troy Woods, and Warden Robert Horel** at **Pelican Bay State Prison.**  The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

3. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint found to be cognizable above, or, within such time, notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of**

**the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 1/4/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DEVONTE BERNARD HARRIS,

        Plaintiff,

  v.

MIKE GARDNER, et al.,

        Defendants.

Case Number: CV09-04037 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  1/12/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Devonte Bernard Harris P 73399
CA State Prison-Corcoran
P.O. Box 8800
4001 King Avenue
Corcoran, CA 93212

Dated:  1/12/10

                                              Richard W. Wieking, Clerk